OPINION
{¶ 1} Appellant, Clarence Johnson, appeals from the January 4, 2006 judgment entry of the Lake County Court of Common Pleas, in which he was sentenced for unlawful sexual conduct with a minor and labeled a sexual predator.
 {¶ 2} On September 27, 2005, appellant was indicted by the Lake County Grand Jury on three counts of unlawful sexual conduct with a minor, felonies of the fourth degree, in violation of R.C.2907.04(A).[1] On September 30, 2005, appellant filed a waiver of the right to be present at his arraignment and the trial court entered a not guilty plea in his behalf.
 {¶ 3} A change of plea hearing commenced on October 31, 2005. Appellant withdrew his former not guilty plea, and entered an oral and written plea of guilty to one count of unlawful sexual conduct with a minor. On November 1, 2005, the trial court accepted appellant's guilty plea, and entered a nolle prosequi on the remaining two counts. The trial court deferred sentencing and a sexual predator adjudication hearing. The matter was referred to the Adult Probation Department for a pre-sentence investigation and report, victim impact statement, and a psychiatric evaluation.
 {¶ 4} On December 21, 2005, the trial court held a joint sentencing and sexual predator hearing. At that hearing, appellee, the state of Ohio, indicated the following: appellant has a prior criminal record as a juvenile, including a conviction of attempted rape with a five-year-old girl which occurred two years prior to the incident at issue; he was ordered to attend and complete a sexual offender treatment program before he committed the instant offense; appellant was nineteen years old at the time of this offense, and the victim was thirteen; the victim told appellant she was thirteen years old; appellant initially supplied the condoms; there were no multiple victims involved, nor were drugs or alcohol used with this victim; no threats of cruelty were used; appellant qualifies for a finding of pedophilia traits and interests; and he presents a moderate-high risk to re-offend sexually in the future. Thus, appellee believed that appellant should be labeled a sexual predator.
 {¶ 5} Appellant's counsel requested a habitual offender classification rather than a sexual predator label, and indicated the following at the hearing: appellant had a tumultuous childhood; he was neglected and abused by his mother; appellant lived in various foster homes; he does not have a substance abuse problem; the girl in the instant case told appellant her age was sixteen or seventeen; she provided the birth control; and appellant told her not to tell anyone regarding their consensual sexual conduct because he lived with his girlfriend.
 {¶ 6} According to the psychological report conducted by licensed clinical psychologist Jeffrey Rindsberg ("Dr. Rindsberg"), appellant, on actuarial schemes, is at a moderate to high risk to re-offend sexually. Appellant scored a four on the Static 99 risk assessment which placed him in a moderate-high risk category. Dr. Rindsberg stated that the facts of appellant's two sex crimes differ from each other, which suggest sexual deviant interests that vary, making him a more volatile and versatile sexual offender. He stressed that appellant failed the sex offender treatment program, and continues to harbor denial about the actions from his first sexual offense. Dr. Rindsberg indicated that classification as a sexual predator is appropriate for appellant.
 {¶ 7} Pursuant to its January 4, 2006 judgment entries, the trial court found appellant to be a sexual predator, sentenced him to twelve months in prison, and placed him on post-release control up to a maximum of three years. It is from those entries that appellant filed a timely notice of appeal and makes the following assignments of error:
 {¶ 8} "[1.] The trial court committed reversible error when it labeled [appellant] a sexual predator against the manifest weight of the evidence.
 {¶ 9} "[2.] The trial court erred when it sentenced [appellant] to a more-than-the-minimum sentence based upon a finding of factors not found by the jury or admitted by [appellant] in violation of [appellant's] state and federal constitutional rights to trial by jury."
 {¶ 10} In his first assignment of error, appellant argues that the trial court erred by labeling him a sexual predator against the manifest weight of the evidence. He stresses that the facts presented did not prove by clear and convincing evidence that he was likely to commit a sexual offense in the future. Appellant asserts that the trial court should have classified him as a habitual sex offender rather than label him a sexual predator.
 {¶ 11} R.C. 2950.01(E)(1) defines a sexual predator as "[a] person [who] has been convicted of or pleaded guilty to committing a sexually oriented offense * * * and is likely to engage in the future in one or more sexually oriented offenses."
 {¶ 12} In making a determination as to whether an offender is a sexual predator, the trial court must look to and consider all relevant factors pursuant to R.C. 2950.09(B)(3), including:
 {¶ 13} "(a) The offender's or delinquent child's age;
 {¶ 14} "(b) The offender's or delinquent child's prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 15} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made;
 {¶ 16} "(d) Whether the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made involved multiple victims;
 {¶ 17} "(e) Whether the offender or delinquent child used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 18} "(f) If the offender or delinquent child previously has been convicted of or pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be, a criminal offense, whether the offender or delinquent child completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender or delinquent child participated in available programs for sexual offenders;
 {¶ 19} "(g) Any mental illness or mental disability of the offender or delinquent child;
 {¶ 20} "(h) The nature of the offender's or delinquent child's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 21} "(i) Whether the offender or delinquent child, during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty;
 {¶ 22} "(j) Any additional behavioral characteristics that contribute to the offender's or delinquent child's conduct."
 {¶ 23} The foregoing statutory criteria are intended to aid the trial court, which must determine by clear and convincing evidence, whether an offender is likely to commit one or more sexually oriented offenses in the future. Clear and convincing evidence is more than a mere preponderance of the evidence, yet does not rise to the level of evidence beyond a reasonable doubt.Cross v. Ledford (1954), 161 Ohio St. 469, 477. Clear and convincing evidence is evidence which "`produces in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" State v. Campbell (Dec. 22, 2000), 11th Dist. No. 99-L-012, 2000 Ohio App. LEXIS 6092, at 7, quotingCross, supra, at paragraph three of the syllabus. Thus, "* * * a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." State v. Schiebel (1990),55 Ohio St.3d 71, 74.
 {¶ 24} The Supreme Court of Ohio has indicated that appellate courts use a manifest weight standard to review a trial court's finding that an offender is a sexual predator. State v. Cook
(1998), 83 Ohio St.3d 404, 426. Thus, if the trial court's finding that an offender is a sexual predator is supported by the weight of the evidence, then the court must also have had sufficient evidence before it to satisfy the requisite clear and convincing degree of proof. Therefore, when reviewing questions of weight, an appellate court must determine whether the state appropriately carried its burden of persuasion by engaging in a limited weighing of the evidence. State v. Davis (Dec. 31, 1998), 11th Dist. No. 97-L-246, 1998 Ohio App. LEXIS 6389, at 34.
 {¶ 25} In the instant matter, because appellant pleaded guilty to a sexually oriented offense, the first prong of R.C.2950.01(E)(1) has been met. Therefore, this court must determine the second prong of R.C. 2950.01(E)(1), namely, whether appellant is likely to engage in the future in one or more sexually oriented offenses.
 {¶ 26} In making its sexual predator determination, the trial court considered the pre-sentence report, psychological evaluation, and victim impact statement. The trial court relied upon numerous factors under R.C. 2950.09(B)(3) in supporting its finding that appellant is a sexual predator and stated the following in its January 4, 2006 judgment entry:
 {¶ 27} "a) [Appellant] is nineteen (19) years of age;
 {¶ 28} "b) [Appellant] has a prior criminal record, including a juvenile court adjudication for attempted rape in 2003; a delinquency adjudication in 1999 for domestic violence; and unruly adjudication in 2000 and a 2001 adjudication for aggravated assault;
 {¶ 29} "c) The victim of the sexually oriented offense for which sentence was imposed was thirteen (13) years of age at the time of the crime;
 {¶ 30} "d) The sexually oriented offense for which the sentence was imposed did not involve multiple victims;
 {¶ 31} "e) [Appellant] did not use drugs or alcohol to impair the victim or to prevent the victim from resisting;
 {¶ 32} "f) [Appellant] has completed a sentence imposed for a prior offense and has participated in available programs for sexual offenders. The Court finds that [appellant] had completed treatment shortly before this offense and the Court finds [appellant] did not benefit from treatment;
 {¶ 33} "g) [Appellant] does not have any mental illness or mental disability;
 {¶ 34} "h) The nature of [appellant's] sexual conduct, sexual contact, or interaction in a sexual context included three (3) separate incidents of sexual conduct with the minor victim. [Appellant's] sexual actions were part of a demonstrated pattern of abuse;
 {¶ 35} "i) The nature of [appellant's] actions during the commission of the sexually oriented offence (sic) did not displayed (sic) cruelty or threats of cruelty;
 {¶ 36} "j) Additional behavioral characteristics that contributed to [appellant's] conduct include this is [appellant's] second offense in a short time span (18 months) and [appellant] is only nineteen (19) years of age. [Appellant] was on juvenile parole at the time of the offense; [appellant] completed sex offense treatment just prior to the offense and did not learn from treatment;
 {¶ 37} "k) Dr. Rindsberg's report finds [appellant] to be moderate to high risk to re-offend and recommends [appellant] to be labeled a sexual predator."
 {¶ 38} The evidence presented at the sexual predator hearing, as well as the trial court's foregoing analysis regarding the applicable R.C. 2950.09(B)(3) factors, clearly establish that the trial court was presented with clear and convincing evidence that appellant is likely to re-offend sexually in the future. The trial court considered appellant's age as well as the young age of the victim; his prior criminal record, including an attempted rape conviction in 2003; he was on juvenile parole at the time of this offense; appellant did not benefit from treatment; the nature of his sexual conduct included three separate incidents with the minor victim which were part of a demonstrated pattern of abuse; and his moderate to high risk to re-offend according to the Static 99 assessment and Dr. Rindsberg's clinical opinion and report. Thus, based on the foregoing factors, the trial court properly labeled appellant a sexual predator.
 {¶ 39} Appellant's first assignment of error is without merit.
 {¶ 40} In his second assignment of error, appellant contends that the trial court erred by sentencing him to more than the minimum prison term, based upon a finding of factors not found by the jury or admitted by him in violation of his right to a trial by jury.
 {¶ 41} In sentencing appellant, the trial court made findings under R.C. 2929.14(B). Because the trial court relied upon judicial fact-finding, formerly mandated by statute, but now deemed unconstitutional and void by the Supreme Court of Ohio, appellant's second assignment of error is with merit.
 {¶ 42} Appellant's sentence in this case is impacted by the recent decision of the Supreme Court of Ohio in State v.Foster, 109 Ohio St.3d. 1, 2006-Ohio-856. In Foster, at paragraph one of the syllabus, the Supreme Court held that R.C.2929.14(B) is unconstitutional for violating the Sixth Amendment because it deprives a defendant of the right to a jury trial, pursuant to Apprendi v. New Jersey (2000), 530 U.S. 466, andBlakely v. Washington (2004), 542 U.S. 296.
 {¶ 43} Further, pursuant to United States v. Booker (2005),543 U.S. 220, the Supreme Court's remedy was to sever the unconstitutional provisions of the Revised Code, including R.C.2929.14(B). After severance, judicial factfinding is not required before imposing more than the minimum sentence. Foster at paragraph two of the syllabus.
 {¶ 44} Since Foster was released while this case was pending on direct review, appellant's sentence is void, must be vacated, and remanded for resentencing. Foster at ¶ 103-104. Upon remand, the trial court is no longer required to make findings or give its reasons for imposing maximum, consecutive or more than the minimum sentences. Id. at paragraph seven of the syllabus.
 {¶ 45} For the foregoing reasons, with respect to appellant's first assignment of error, the judgment of the Lake County Court of Common Pleas is affirmed. Regarding appellant's second assignment of error, the sentence is vacated. This case is reversed and remanded for resentencing for proceedings consistent with this opinion pursuant to Foster.
William M. O'Neill, J., Colleen Mary O'Toole, J., concur.
[1] The charges in this case arose out of three separate incidents involving consensual sexual conduct between appellant and a thirteen-year-old girl. Appellant indicated that he believed the victim was seventeen or eighteen years old.